UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

VJB CONSTRUCTION CORP.,

Plaintiff-Respondent,

-against-

LIBERTY INTERNATIONAL UNDERWRITERS,

Defendant-Petitioner.

----------------------------------------------------------x

07 CV 11347 Civil Action No.

**NOTICE OF REMOVAL**




**MADAMS/SIRS:**

Defendant-Petitioner LIBERTY MUTUAL INSURANCE COMPANY, named herein as LIBERTY INTERNATIONAL UNDERWRITERS, ("Liberty Mutual") by its attorneys, JAFFE & ASHER LLP, respectfully alleges as follows:

1. On or about December 14, 2007, a copy of the Summons and Complaint in an action entitled VJB Construction Corp. v. Liberty International Underwriters, Index No. 116034/07, which was commenced on December 4, 2007 in the Supreme Court of the State of New York, County of New York, was delivered to the offices of Liberty Mutual.

2. The Complaint asserts two causes of action under an insurance policy issued by Liberty Mutual to plaintiff-respondent VJB CONSTRUCTION CORP. ("VJB"), and seeks recovery of $125,000, plus attorneys' fees and interest. A copy of the Summons and Complaint is annexed hereto as Exhibit "1".

3. The Notice of Removal is being filed by Liberty Mutual within thirty

(30) days of the service of the Summons and Complaint and is timely filed pursuant to 28 U.S.C. § 1441, 1446.

4. Liberty Mutual's time to move, answer, or otherwise respond to the Complaint has not expired.

5. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332; the amount in controversy exceeds $75,000.00 and VJB and Liberty Mutual are citizens of different states.

6. Upon information and belief, at all relevant times, VJB was, and still is, a corporation duly organized under the laws of the State of New York, with its principal place of business located at 555 Eighth Avenue, 15th Floor, New York, New York 10018.

7. At all relevant times, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

8. Written notice of the filing of the Notice of Removal shall be given to the adverse party, and Liberty Mutual shall file the notice with the Clerk of the Supreme Court of the State of New York, County of New York, as required by law.

9. Liberty Mutual has not answered, moved, or otherwise responded to the Complaint, and no other proceedings have occurred heretofore in this action.

10. No previous application for the relief requested herein has heretofore been made.

**WHEREFORE,** defendant-petitioner LIBERTY MUTUAL INSURANCE COMPANY respectfully requests that this action be removed to this Court.

Dated: New York, New York
December 17, 2007

Respectfully submitted,

JAFFE & ASHER LLP

By: ______________________
Marshall T. Potashner (MTP-3552)
Attorneys for Defendant-Petitioner
LIBERTY MUTUAL INSURANCE
COMPANY n/h/a LIBERTY INTERNATIONAL
UNDERWRITERS
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DEC 04 2007
Date Filed: 12/ /07

Index No. 116034/07

VJB CONSTRUCTION CORP.,

Plaintiff,

-against-

LIBERTY INTERNATIONAL UNDERWRITERS

Defendant.

Plaintiff designates New York County as the place of trial. The basis of the venue is Plaintiff's place of business

**SUMMONS**

Plaintiff's business is at:
555 8th Avenue, 15th Floor
New York, NY 10018

To the above defendant:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates New York County as the place of trial.

Dated: New York, New York
December 3, 2007

Goetz Fitzpatrick LLP
Attorneys for Plaintiff
VJB Construction Corp.

By: ______________________
Howard Rubin
One Penn Plaza, Suite 4401
New York, New York 10119
(212) 695-8100

Defendant's address:

Liberty International Underwriters
55 Water Street, 18th Floor
New York, NY 10041

W:/GChristopolus/VJB Construction/pleadings/summons..wdoc.

COUNTY CLERK'S OFFICE

DEC 04 2007

NOT COMPARED
WITH COPY FILED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

VJB CONSTRUCTION CORP.

Index No. 116034/07

Plaintiff,

-against-

**COMPLAINT**

LIBERTY INTERNATIONAL UNDERWRITERS

Defendant.

---------------------------------------------------------------X

The Plaintiff, VJB Construction Corp. (hereinafter "VJB"), by and through its attorneys, Goetz Fitzpatrick LLP, and by way of this Complaint for Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing alleges as follows:

**THE PARTIES**

1. VJB is a New York corporation authorized to and doing business in the State of New York with offices at 555 Eight Avenue, 15th Floor, New York, NY, 10018.

2. Defendant, Liberty International Underwriters (hereinafter "Liberty") is an insurance company licensed and authorized to do business in the State of New York.

3. VJB is an insured under a certain policy of insurance issued by Liberty.

4. This action is commenced pursuant to CPLR 3001 as a justiciable controversy that exists between VJB and Liberty as set forth in a certain insurance policy and for damages.

5. This Court has personal jurisdiction over the parties in that, at all relevant times, each has a place of business and conducts business and/or resides in the State of New York.

## THE FACTUAL BACKGROUND

A. The Underlying Complaint

6. This complaint arises out of a certain civil action captioned as *Santoli v. 475 Ninth Avenue Associates, LLC, VJB Construction Corp., Spieler & Ricca Electrical Co., Inc., and Kajima Development Corp.* Index No. 118596/03 wherein Plaintiff, George Santoli sought money damages for an injury he allegedly incurred in connection with the construction of a project located at 475 Ninth Avenue, New York, New York. (the "Project").

7. In the complaint, Plaintiff, Santolli alleged that among other things, VJB, as contractor with regard to the Project was negligent in performing its duties.

B. The Liberty Policy

8. Liberty issued a policy of insurance to VJB, bearing number DGL-NY-078805-012, for the policy period 01/25/02-07/25/03, which provided , in pertinent part, commercial general liability coverage and commercial umbrella liability coverage subject to the terms, conditions and other provisions of the policy not to exceed $1,000,000.00.

9. Among other things, the Liberty Policy required Liberty to defend and indemnify VJB from certain third-party claims.

10. Within a reasonable time after becoming aware of Plaintiff, Santoli's claim Liberty was duly notified of the claim and a proper demand was made upon Liberty to defend and indemnify VJB with regard to said claim.

11. Liberty did indeed provide and pay for counsel to defend VJB however, Liberty failed to fully indemnify VJB pursuant to the policy limit of $1,000,000.00.

12. Initially, at the start of the Santoli litigation defendant Liberty did not disclaim coverage however, not only did defendant Liberty improperly disclaim coverage during the course of Santoli litigation but on or about November 2, 2007 it rescinded its denial of coverage.

13. At trial, VJB was notified by counsel assigned by defendant in the case against VJB that should the matter proceed it was legal counsel's opinion that the plaintiff in the underlying case would recover a judgment in the minimum amount of $2,000,000.00 if the underlying case was not settled.

14. At the same time, VJB was notified by legal counsel assigned by defendant that the underlying case against VJB could be settled for the sum of $800,000.00 an amount within the limits of the insurance policy which VJB had purchased from Liberty.

15. At that same time, VJB was notified by legal counsel assigned by defendant that defendant Liberty was refusing to settle the case although the settlement demand was within the policy limits.

16. Plaintiff VJB was then advised that as a result of the failure of the defendant Liberty to settle the underlying case based upon plaintiff's demand, that the demand to settle the underlying case had increased.

17. Plaintiff VJB was then advised by counsel appointed by defendant Liberty that if the case went forward with a trial, VJB would be exposed to losses at a minimum of $2,000,000.00 with a possible maximum of $5,000,000.00.

18. Plaintiff protested to defendant Liberty that the obligation of Liberty was to settle the underlying case within the policy limits or any failure to do so would expose its insured VJB to losses and damages.

19. Defendant Liberty refused to settle the matter within the terms of its policy limits.

20. Plaintiff VJB was then advised by counsel appointed by defendant Liberty that the demand of the plaintiff in the underlying litigation to settle was $875,000.00.

21. Defendant Liberty then advised its appointed counsel that it would pay only the sum of $750,000.00, while counsel appointed by Liberty to defend VJB advised making the settlement at $875,000.00.

22. In order to avoid exposure to millions of dollars in losses, as had been projected by counsel provided by defendant Liberty, VJB under protest and with a full reservation of rights sent its own representative to the court and agreed to pay $125,000.00 in order to meet the demand in the underlying litigation of $875,000.00 since the defendant Liberty refused to make the settlement, despite the fact that the terms of settlement were recommended by its own appointed counsel and were well within the limits of the $1,000,000.00 Liberty issued insurance policy.

23. Pursuant to the General Release with regard to Plaintiff, Santoli's complaint Liberty shall contribute $750,000.00 to the $1,625,000.00 settlement with Travelers contributing $750,000.00 and VJB liable for $125,000.00. As previously indicated VJB's policy provides for a policy limit of $1,000,000.00 and as such, VJB should not have been required to contribute the aforementioned $125,000.00 towards the settlement.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

24. VJB repeats, realleges and reiterates all of the allegations contained in paragraphs "1" through "23" of the Complaint as if fully set forth at length herein.

25. Liberty on behalf of VJB issued the aforementioned commercial general liability policy with regard to the Project that is the subject of this suit.

26. VJB is the insured with regard to the commercial general liability policy and has fully performed the terms and conditions of said policy.

27. Liberty breached its obligations under the commercial general liability policy by failing to fully defend and indemnify VJB with regard to the Santoli Complaint.

28. By reason of the foregoing, Liberty is liable to VJB for the sum $125,000.00 with regard to the Santoli Settlement.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)**

29. VJB repeats, realleges and reiterates all of the allegations contained in paragraphs "1" through "28" of the Complaint as if set forth at length herein.

30. VJB entered into an Agreement with Liberty based upon the express and implied representation that Liberty would fully defend and indemnify VJB pursuant to the terms of the commercial general liability policy.

31. VJB relied upon the terms of the commercial general liability policy that Liberty would fully defend and indemnify it from any all third party claims up to and including the policy limit of $1,000,000.00.

32. Implied in the commercial general liability policy is a covenant of good faith and fair dealing which obligated Liberty, inter alia, to act in good faith in the Santoli matter by fully indemnifying VJB up to the policy limit of $1,000,000.00.

33. Liberty failed to act in good faith.

34. By reason of the foregoing, VJB has been damaged for a sum in excess of $125,000.00 plus attorneys' fees and interest.

**WHEREFORE**, VJB demands judgment against Liberty as follows:

1. Upon the First Cause of Action, VJB demands a judgment against Liberty in the sum of $125,000.00, together with interest, attorneys' fees, costs and expenses.

2. Upon the Second Cause of Action, VJB demands a judgment against Liberty in the sum of $125,000.00 together with interest, attorneys' fees, cost and expenses.

3. Punitive damages for an amount no less than $500,000.00.

4. For such other and further relief as this Court deems fair and equitable.

Dated: New York, New York
December 3, 2007

Goetz Fitzpatrick LLP
Attorneys for Plaintiff
VJB Construction Corp.

By: ______________________
Howard Kubin
One Penn Plaza, Suite 4401
New York, New York 10119
(212) 695-8100

W:/GChristopolus/VJB Construction/pleadings/complaint.wdoc.

Index No. 16054 Year 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VJB CONSTRUCTION CORP.

Plaintiffs,

-against-

LIBERTY INTERNATIONAL UNDERWRITERS

Defendants.

SUMMONS and COMPLAINT

Signature (Rule 130-1.1a)

Print name beneath

GOETZ FITZPATRICK LLP
*Attorneys for*

*Office and Post Office Address, Telephone*
ONE PENNSYLVANIA PLAZA - SUITE 4401
NEW YORK, NEW YORK 10119-0196
(212) 695-8100

To

Attorney(s) for Defendant

Service of a copy of the within is hereby admitted.
Dated:

Attorney(s) for

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

Dated

Yours, etc.
GOETZ FITZPATRICK LLP
*Attorneys for*

*Office and Post Office Address*
ONE PENNSYLVANIA PLAZA - SUITE 4401
NEW YORK, NEW YORK 10119-0196

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on
at M.
Dated

Yours, etc.
GOETZ FITZPATRICK LLP
*Attorneys for*

*Office and Post Office Address*
ONE PENNSYLVANIA PLAZA - SUITE 4401
NEW YORK, NEW YORK 10119-0196

To

Attorney(s) for

Blumberg Excelsior Inc., NYC 10013